COMMONWEALTH *vs.* ARTHUR PELLEGRINO. June 14, 1988. *Rape. Limitations, Statute of. Constitutional Law*, Ex post facto law. *Due Process of Law*, Retrospective statute. *Statute*, Construction, Retrospective statute.

The defendant was indicted on May 6, 1987, for the rape of a child under sixteen years of age. G. L. c. 265, § 23 (1986 ed.). The indictment alleges that he committed the crime in October or November, 1979. The applicable statute of limitations in G. L. c. 277, § 63, was six years in 1979; the time period was extended to ten years through St. 1985, c. 123, enacted on July 2, 1985, but not effective until September 30, 1985.

The defendant filed a motion to dismiss and the parties submitted a statement of agreed facts. The judge reported the following question to the Appeals Court, pursuant to Mass. R. Crim. P. 34, 378 Mass. 905 (1979): "Is the prosecution of the defendant for rape of a child (G. L. c. 265, § 23) which occurred in October or November of 1979, and for which the defendant was first charged in March of 1987, governed by the ten-year statute of limitations (G. L. c. 277, § 63) enacted on July 2, 1985 (St. 1985, c. 123), or is it controlled by the six-year statute of limitations that was in effect prior to July 2, 1985?" The defendant was indicted on May 6, 1987. The effective date of c. 123 was September 30, 1985. We granted the defendant's application for direct appellate review. ·

For all the reasons set forth in *Commonwealth* v. *Bargeron, ante* 589 (1988), argued on the same day as the present case, a majority of the court responds to the question by holding that the amendment to § 63, extending the statute of limitations to ten years, applies.

*Donald A. Harwood* for the defendant.
*J. W. Carney, Jr.*, Assistant District Attorney (*Corinne Hirsch*, Assistant District Attorney, with him), for the Commonwealth.